**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISTION**

| | | |
|---|---|---|
| Jesus Sanchez, individually and on behalf of all others similarly situated, | ) ) ) | FILED: AUGUST 26, 2008 |
| Plaintiff, | ) ) | 08CV4885 |
| | ) | JUDGE NORDBERG |
| v. | ) No. | MAGISTRATE JUDGE COLE |
| | ) | BR |
| Northstar Location Services, LLC, a New York limited liability company, | ) ) ) | |
| Defendant. | ) ) | Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Jesus Sanchez, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Jesus Sanchez ("Sanchez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt allegedly owed originally to GE Capital–JC Penney Consumer, but now owed to LVNV Funding, LLC.

4.      Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Northstar was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Sanchez.

## FACTUAL ALLEGATIONS

5.      Defendant sent Mr. Sanchez a form collection letter, dated September 1, 2007 demanding payment of a debt allegedly owed to GE Capital–JC Penney Consumer.  In fact the current creditor was not GE Capital-JC Penney, but a bad debt buyer, LVNV Funding, LLC, which specialize in buying portfolios of defaulted consumer debts for pennies on the dollar.

6.      The September 1, 2007 letter failed to advise Mr. Sanchez who the current creditor was, and made a settlement offer to resolve his delinquent consumer account for 65% of the balance, but stated that it this offer was available for a limited time.  Specifically, the letter stated, in pertinent part:

*** 

The above account has been referred to our office by LVNV Funding LLC.  Your account is listed as delinquent with a total amount due of $379.04.

Please remit the amount due in the enclosed return envelope or of you prefer to pay by Check-by-phone or MasterCard/Visa, you may contact us at

**CREDITOR:**
GE Capital-JC Penney
Consumer
**ACCOUNT #:**
XXXXXXXXXXXXXX
**DATE:**
09/01/07
**BALANCE DUE:**

2

| | |
|---|---|
| 1-866-822-4256 and we will process your payment. You may also visit our website at https://www.gotonis.com to make a payment.  In the event your payment is returned by your financial institution for non-sufficient funds or because the account was closed, you may be charged a service fee in the amount of $15.00. | $379.04 |

In addition, for a limited time, we are offering a hardship settlement in the amount of $246.38.  To find out if you qualify, contact our office at 1-866-822-4256 to discuss this payment option with one of our trained representatives.

***

This letter was sent within one year of this Complaint and is attached as Exhibit <u>A</u>.

7.      All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

8.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Current Creditor**

9.      Plaintiff adopts and realleges ¶¶ 1-8.

10.      Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", <u>see</u>, 15 U.S.C. § 1692g(a)(2).

11.      Defendant's form collection letter states that the creditor is GE Capital-JC Penney Consumer; while LVNV Funding, LLC is mentioned in the letter as having referred Plaintiff's account to Defendant Northstar, nowhere in the letter is LVNV identified as the current creditor (<u>see</u>, Exhibit <u>A</u>).  Defendant's September 1, 2007 letter

fails to advise Mr. Sanchez that LVNV Funding, LLC is, in fact, the current creditor. Defendant's form collection letter (Exhibit A) thus violates § 1692g(2) of the FDCPA.

12.     Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

13.     Plaintiff adopts and realleges ¶¶ 1-8.

14.     Section 1692e of the FDCPA prohibits Defendant Northstar from making any false and/or any deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

15.     Defendant Northstar falsely stated, in its form collection letter (Exhibit A), that the creditor is GE Capital-JC Penney Consumer.   In fact, while GE-Capital-JC Penney Consumer may have been the original creditor, it no longer owns Plaintiff's account.  The actual creditor is LVNV Funding, LLC.  The statement as to the identity of the creditor in Defendant's collection letter is thus false (Exhibit A), in violation of § 1692e of the FDCPA.

16.     Defendant Northstar's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA -**
**Making False and/or Deceptive Or Misleading**
**Statements Of Limited Time Settlement Offers**

17.     Plaintiff adopts and realleges ¶¶ 1-8.

18.     Section 1692e of the FDCPA prohibits Defendant Northstar from making any false and/or deceptive or misleading statements in connection with the

collection of any debt, <u>see</u>, 15 U.S.C. § 1692e.

19.    Defendant Northstar falsely stated, in its form collection letter (Exhibit <u>A</u>), that it was offering a "limited time" hardship settlement, and Plaintiff should call "to find out if you qualify".  In fact, LVNV Funding, LLC bought Mr. Sanchez's account for pennies on the dollar and thus, Defendant and its client, LVNV Funding, LLC, are virtually always ready to settle delinquent debts, like Plaintiff's debt, at a substantial discount, nor would any consumer, including Mr. Sanchez, not "qualify" for such a discount.  Thus, the statements in Defendant Northstar's letter -- that the offer was for a limited time, or that it was necessary to qualify for the settlement offer -- were false, in violation of § 1692e of the FDCPA.  <u>See</u>, <u>Goswami v. American Collections Enterprise, Inc.</u>, 377 F.3d 488, 496 (5th Cir. 2004), and <u>Evory v. RJM Acquisitions Funding, LLC</u>, 505 F.3d 769 (7th Cir. 2007).

20.    Defendant Northstar's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

21.    Plaintiff, Jesus Sanchez, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to GE Capital – JC Penney Consumer, but now actually owed to LVNV Funding, LLC, from one year before the date of this Complaint to the present, via the same form collection letter Defendant Northstar sent to Plaintiff.  This action seeks a declaration that Defendant Northstar's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

6

22.     Defendant Northstar regularly engages in debt collection, using the same form collection letter it sent Plaintiff Sanchez, in its attempts to collect from other persons.

23.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Sanchez.

24.     Plaintiff Sanchez's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26.     Plaintiff Sanchez will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Sanchez has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jesus Sanchez, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Sanchez as Class Representative of the Class, and his attorneys as Class Counsel;

3.      Declare that Defendant's form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Sanchez and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jesus Sanchez, demands trial by jury.

Jesus Sanchez,

By:  /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  August 26, 2008

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com